IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VINCENT E. HARRELL,

                Plaintiff,

  v.                                                       ORDER

JEANNE ZWIERS, ALSTEEN, PAUL HITT,              16-cv-407-jdp
CO FONDER, JOSE REYES and MICHAEL SCHISEL,

                Defendants.

---

Plaintiff Vincent E. Harrell, a former Wisconsin inmate, brings this lawsuit alleging that while he was incarcerated at the Green Bay Correctional Institution, various officials there deprived him of low-sodium meals prescribed to accommodate his hypertension. He brings Eighth Amendment claims for the cancellation of the meals and First Amendment retaliation claims because the cancellation came after he filed grievances about the administration of the meals.

Defendants have filed a motion for summary judgment, Dkt. 28, to which Harrell did not respond. This calls into question whether Harrell wants to continue with the lawsuit. Harrell's failure to submit proposed findings of fact opposing defendants' motion also means that, under this court's summary judgment procedures, I should consider as undisputed defendants' proposed findings of fact. "Motions for Summary Judgment," Dkt. 15-1, at 4 ("The court will conclude that a proposed fact is undisputed unless the responding party explicitly disputes it and either identifies contradictory evidence in the record, or demonstrates that the proponent of the fact does not have admissible evidence to support it."); "Guidance to Pro Se Litigants Regarding Motions For Summary Judgment," *Id*. at 8 ("NOTE WELL: If a

party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed." (emphasis in original)).

Before I dismiss the case with prejudice for Harrell's failure to prosecute it or consider defendants' proposed findings of fact undisputed for Harrell's failure to comply with court rules, I will give Harrell a short time to explain whether he still wishes to prosecute this lawsuit. If he does, he will have the same deadline to (1) show cause why he was not able to submit a timely response to defendants' summary judgment motion; and (2) submit a brief, proposed findings of fact, and supporting evidence opposing defendants' motion. I will attach to this order another copy of this court's procedures for briefing summary judgment motions.

ORDER

IT IS ORDERED that plaintiff Vincent E. Harrell may have until March 8, 2018, to respond to this order as discussed in the opinion above.

Entered February 15, 2018.

                                                                                    BY THE COURT:
                                                                                     /s/

                                                                                     _____
                                                                                     JAMES D. PETERSON
                                                                                     District Judge